AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | MID DIST TENN |
|---|---|---|
| Name *(under which you were convicted):* TERIOUS D. RAMEY | | Docket or Case No.: 3:18-CR-00237-1 |
| Place of Confinement: A.U.S.P. Thomson | | Prisoner No.: 25759-075 |
| UNITED STATES OF AMERICA V. | | Movant *(include name under which convicted)* TERIOUS D. RAMEY |

### MOTION

03-22 0378

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION,

   (b) Criminal docket or case number (if you know): 3:18-CR-00237-1

2. (a) Date of the judgment of conviction (if you know): JAN, 24, 2020

   (b) Date of sentencing: JAN, 24, 2020

3. Length of sentence: 204 monthS

4. Nature of crime (all counts): 18 U.S.C. §§ 922(g)(1) + 924

5. (a) What was your plea? (Check one)

   (1) Not guilty [✓]    (2) Guilty [ ]    (3) Nolo contendere (no contest) [ ]

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury [✓]    Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes [ ]    No [✓]

8. Did you appeal from the judgment of conviction?    Yes ✓    No ☐

9. If you did appeal, answer the following:

(a) Name of court: United States Court of Appeals For the Sixth Circuit

(b) Docket or case number (if you know): 20-5149

(c) Result: "Affirm"

(d) Date of result (if you know): Nov. 23, 2020

(e) Citation to the case (if you know):

(f) Grounds raised: Did the trial court err in denying Appellant's motion to suppress evidence obtained from a search conducted after an arrest for which there was no probable cause and from an automobile for which there was no reason not to obtain a warrant — Did the trial court plainly err in failing to dismiss the venire panel, or at least conduct follow up questioning of the venire panel after a potential juror made prejudicial comments during jury selection. — Did the trial court plainly err in failing to remove for cause a juror who worked for the same police dept. As four of the five government witnesses who testified at Appellants trial

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ✓

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
Yes ☐    No ✓

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐    No ☑

(7)  Result: _____

(8)  Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: _____

(2)  Docket of case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐    No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:    Yes ☐    No ☐

(2)  Second petition:   Yes ☐    No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: MR. RAMEY "BURGLARY" OFFENSE IS A INSUFFICIENT PREDICATE to ENHANCE UNDER "(ACCA)"

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE dRAMATIC CHANGE to the dEFINITION OF A CRIME OF VIOLENCE ANd the SPECIFIC EX-CLUSION OF bURGLARY OFFENSE AS A "(ACCA)" OFFENDER, A CRIME QUALIFIES AS A VIOLENT FELONY IF ONE OF IT'S ELEMENTS INVOLVES THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE AGAINST THE PERSON OF ANOTHER, BURGLARY RELIES UPON THE RESIDUAL CLAUSE UNDER "(ACCA)" bECAUSE IT dENIES FAIR NOTICE ANd INVITE ARBITRARY ENFORCEMENT. BURGLARY HAS BEEN ELIMITED OF ENUMERATED OFFENSES THAT CONSTITUTION CRIMES OF VIOLENCE. BURGLARY OFFENSES IN NOT WHAT CONGRESS MENT TO USE to dETERMINE HIGHER PENALTY UNDER "(ACCA)" GUIdELINES. BURGLARY DOES NOT SATISFY ELEMENTS OR SUBSTAIN RISK ANd RECKLESSNESS THAT THE "(ACCA)" PROVIDED BURGLARY DOES NOT SATISY THE (ACCA)

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

UNFORESEEN ISSUE, PETITIONER did NOT UNdERSTANd, ANd COUNSEL ...

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** THE USE OF 18 U.S.C. § 922(g) POSSESSION OF PIOR UNDER 18 U.S.C.S. 924(E)(2)(B)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE USE OF POSSESSION OF A FIREARM INCREASED "MR. RAMEY" SENTENCE UNDER (ACCA), THE RESIDUAL CLAUSE AGAIN VIOLATES FIFTH AMENDMENTS GUARANTEE OF DUE PROCESS Since the INDETERMINEY OF THE WIDE RANGE INQUIRY REQUIRED bY THE RESIDUAL CLAUSE. THE RESIDUAL does Not SERVICE the ~~Probal~~ Prohibition OF VAGUE CRIMINAL LAWS bECAUSE the RESIDUAL CLAUSE LEAVES GRAVE UNCERTAINTY how the ESTIMATE the RISK Posed bY A CRIME. THE Government MUST Proceed According to the (LAW of the LAND) that IS According to the WRITTEN CONSTITUTIONAL AND STATUTORY PROVISIONS. THE MERE PRE-SENCE OF A FIREARM does Not TRIGGER THE ENHANCED FORCE CLAUSE.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

UNFORESEEN   DUE  To  tHE   OVERtURing   922g

(c)  Post-Conviction Proceedings:

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** MR. RAMEY "BURGLARY" OFFENSE DIDNT FALL UNDER THE "ACCA" WHEN HE CAUGHT HIS CHARGE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE DISTRICT COURT VIOLATED THE "EX POST FACTO CLAUSE" WHEN THEY SENTENCED ME UNDER GUIDLINES OF A LAW THAT PASSED AFTER I WAS ALREADY FIGHTING MY CHARGE WICH INCREASED MY SENTENCE

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

UNFORESEEN ISSUE PETITIONER DID NOT UNDERSTAND.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

   (1)   If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐        No ☐

   (2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

   (1)   Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐        No ☐

   (2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

(c) At the trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
      (1)  the date on which the judgment of conviction became final;
      (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on      5.8.22
(month, date, year)

Executed (signed) on _~Terrence Ramey~_____ (date)

_~Signature~_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

" $I_N$ $L_{IGHT}$ $O_F$

$U_{NITED}$ $S_{TATES}$ $S_{UPREME}$

$C_{OURT}$ $D_{ECISION}$... "

141 S. Ct. 1817; 210 L. Ed 63; 2021

ARGUED NOV. 3, 2020
DECIDED JUNE 10, 2021

MEMORANDUM CONCERNING
THE UNDERLYING CONVICTION
AND RELEVANT FACTS

The Armed Career Criminal Act (ACCA) mandates a 15-year minimum sentence for person found guilty of guilty of illegally possessing a firearm who have "three" or more prior conviction for a "violent felony." An offense qualifies as a violent felony under (ACCA) "elements clause if it necessarily involves use, attempted use, or threatened use of physical force again the person of another, 18 U.S.C. §924(e)(2)(B)(i). In 'Leocal' vs. Ashcroft, 543 4.S. 1, 125 S.Ct. 377 160 L. Ed. 2d 271, the court held that offenses requiring only a negligent mens rea fall outside a relevantly identical definition. Id @ 9. The "critical aspect" in determining the relevant mens rea, the court explained, was the statute's demand that the perpetrator use physical force "against the person or property of another". Ibid (emphasis in original). Then in "Voisine vs. United" states, 579 u.s. 686, 136 S.Ct 2272, 195 L. Ed. 2d 736, the court held that reckless crimes fall within a different statutory definition - this one requiring the use of physical force," but lacking the "against" phrase "Leocal" deemed critical in both decisions, the court left open whether reckless offenses would satisfy "(ACCA)" elemen clause.

The phrase "against another", when modifying a volitional action like the "use of force", demands that the perpetrator direct his force at another individual. Reckless conduct is not aimed in that prescribed manner. Leocal confirms that conclusion, when read against the words "use of force", the court explained, the "against" phrase - the defin. itions "critial aspect" - suggests a higher degree of intent than (at least) negligence. 543 u.s. @ 9. That understand-ing of against contradicts the governments view that

THE PHRASE HERE DOES INCORPORATE A MENS REA REQUIREMENT. The ORDINARY MEANING AlSo INFORMS this CONSTRUCTION. AS "LEO" EXPlAINED, WE CANNOT FORGET THAT WE ultimATEly ARE DETERMINIng the ~~MENS REA~~ MEANING OF THE "CRIME OF vioLENCE." 543 U.S. @ 11. THE COURT SAID the SAME IN "JoHNSON VS. UNITED STATES" 559 US, 133, 130 S.Ct 1265, 176 L.Ed 2d 1, when Construing lANGUAGE IN "(ACCA)" DEFINITION OF "vIOLENT FELONY" Id, @ 139-140 WITH THAT FOCUS IN PlACE both DECISIONS CONSTRUED the DEFINITIONS At ISSUE to MARK OUT A NARROW "CATEGORY OF vioLENT, ACTIVE CRIMES." Id, @ 40; 543 U.S. @ 11. And those CRIMES ARE bEST UNDERSTOOD to INvolE A PURPOSEFul OR KNOWING MENTAL STATE - A deliberAtE Choice of WREAKIng HARM ON ANother, RATHER THAN MERE INdifference to Risk

"CONGRESS" ENACtED "(ACCA)" to Address the SPECIAL dANGER CREATED WHEN A PARTICULAR tYPE OF OFFENDER - A viOLENT CRIMINAL possESSES A gUN." "BEgAY" v. USA, 553 US 137, 146, 128 S.Ct 1581, 170 L.Ed 2d 490. AN OFFENDER who hAS REPEAtEDly Committed PURPOSEFUl, vIOLENt, AND AggRESSIvE CRIMES, POSES AN UNCommoN dANGER OF USING A gUN deliBERAtEly to hARM A victim. A CRIME that CAN bE Committed through MERE RECKlESSNESS does NOT hAvE AS AN ElEMENT the "USE OF PHYSICAL FORCE" bECAUSE THAT PHRASE hAS A WELL-UNDERStood MEANING APPlyING ONly to INtENtioNAl Acts dESIGNED to CAUSE hARM. Id, @ __, 136 S.Ct, 2272, 195 L.Ed 2d 736, 756 "RAMEY" PRIOR OFFENSE'S would FAll WITHIN (ACCA RESIDUAL ClAUSE ~~hAvE~~ "Has" THAT PROvISION NOT bEEN dEClARED UNCONSTITUTIONAL IN JOHNSON v. USA, 576 U.S. 591, 135 S.Ct, 2551, 192 L.Ed 2d 569. Though "JOHNSON" WAS WRONGly dECIDED It (MUST) STATE lAWS PROHIBITING

RECKLESS POSSION, AND BURGLARY. "CONGRESS" did NOT PROVIDE FOR A 15 YEAR MANDATORY PRISON TERM WHERE THE INCREASED likelihood OF GUN VIOLENCE does NOT EXIST, THE "(ACCA)" PENALTY ENHANCEMENT KICKS IN ONLY WHEN A DEFENDANT HAS COMMITTED NO FEWER THAN "THREE" OFFENSES MEETING THE STATUTE'S DEFINITION OF "VIOLENT FELONY", THAT DEFINITION IN ADDITION TO TICKING OFF SEVERAL SPECIFIC CRIMES... "BURGLARY" AND "ARSON", AN OFFENSE QUALIFIES AS A "VIOLENT FELONY" UNDER THAT CLAUSE IF IT HAS AS AN ELEMENT THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE AGAINST THE PERSON OF ANOTHER, 924(e)(2)(i), IF ANY - EVEN THE LEAST CULPAB. OF THE ACTS CRIMINALIZED do NOT ENTAIL THAT KIND OF FORCE, THE STATUTE OF CONVICTION does NOT CATEGORICALLY MATCH THE FEDERAL STANDARD, AND So CANNOT SERVE AS AN "(ACCA)" PREDICATE, SEE "JOHNSON VS. USA", 559 U.S 133 137, 13 S.Ct 1265

THE GOVERNMENT VIOLATES THIS GUARANTEE BY TALKING AWAY SOMEONE'S LIFE, LIBERTY, OR, PROPERTY UNDER A CRIMINAL LAW So VAGUE THAT IT FAILS TO GIVE ORDINARY PEOPLE FAIR NOTICE OF CONDUCT IT PUNISHES, OR So STANDARDLESS THAT IT INVITES ARBITARY ENFORCEMENT, THE "(ACCA)" REQUIRES COURTS TO USE A FRAMEWORK KNOWN AS THE CATEGORICAL APPROACH WHEN DECIDING WHETHER AN OFFENSE IS: "BURLARY", "ARSON", OR "EXTORTION" INVOLVES USE OF "EXPLOSIVES", OR OTHERWISE INVOLVES CONDUCT THAT PRESENTS A SERIOUS POTENTIAL RISK OF PHYSICAL INJURY TO ANOTHER UNDER THE CATEGORICAL APPROACH, A COURT ASSESSES WHETHER A CRIME QUALIFIES AS A VIOLENT FELONY IN TERMS OF HOW THE LAW DEFINES THE DEFINITION OF A VIOLENT FELONY THAT ASKS WHETHER THE CRIME HAS AS AN

Element the use of physical force the residual clause asks whether the crime involves conduct that presents too much risk of physical injury what is more the inclusion of "burglary" extortion among the enumerated offenses preceding the residual clause confirm that the court's task also goes beyond evaluating the chance that the physical acts that make up the crime will injure someone. The act of making an extortionate demand or breaking and injury arises because the extortionist might engage in violence after making his demand or because the burglar might confront a resident in the home after breaking and entering. The indeterminacy of the wide-range inquire required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. The residual clause leaves grave uncertainty about how to estimate the risk posed by a crime, it ties the judical assessment of risk to a judicially imagined "ordinary case" of a crime, not to real world facts or statutory elements, it's one thing to apply an imprecise "serious potential risk" standard to real-world facts it is quite another to apply it to a judge-imagined abstraction, whether the crime otherwise involves conduct that presents a serious potential risk, moreover the crime "burglary", "arson", "extortion", and crimes involving the use of explosive these offenses are far from clear in respect to the degree of risk each poses.

U.S. Supreme Court opinions could be read to suggest otherwise, the supreme court's holding squarely contradict the theory that a vague provision is constitutional merely because here is some conduct that clearly falls within the provision

Case 3:22-cv-00378   Document 1   Filed 05/24/22   Page 17 of 22 PageID #: 37

- 4 -

grasp. In the conduct that clearly falls, in the context of 18 U.S.C. § 924(e)(2)(B), the U.S. Supreme Court's decisions refute any suggestion that the existence of some obviously risky crimes establishes the Residual Clause Constitutionality. The U.S. Supreme Court does not doubt the Constitutionality of laws that call for the application of a Qualitative standard such as "substantial risk" to real-world conduct; the law is full of instances where a man's fate depends on him estimating rightly some matter of degree. In the context of 18 U.S.C. § 924(e)(ii)(B) the residual clause, however, requires application of the serious potential risk" standard to an idealized ordinary case of the crime, because the elements necessary to determine the imaginary ideal are uncertain both in nature and degree of effect, this abstract inquiry offers significantly less predictability than one that deals with the actual, not with an imaginary condition other than the facts.

The "(ACCA)" refers to "A person who has "three" previous convictions for - not a person who has committed - "three" previous violent felonies or drug offenses. The emphasis on convictions indicate that Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the fact underlying the prior convictions. The U.S. Supreme Court also has pointed out the utter impracticability of requiring a sentencing court to reconstruct, long after the original conviction, the conduct underlying that conviction. For example if the original convictions rested on a guilty plea, no record of the underlying facts may be available. The plausible interpretation of the law therefore requires use of the categorical approach, imposing

AN INCREASED SENTENCE UNDER THE RESIDUAL CLAUSE OF THE "(ACCA)" VIOLATES THE CONSTITUTIONS GUARANTEE OF DUE PROCESS.

THE Government VIOLATES THE DUE PROCESS CLAUSE WHEN IT TAKES AWAY SOMEONE'S life liberty OR PROPERTY UNDER A CRIMINAL LAW SO VAGUE that It FAILS to give ORDINARY PEOPLE FAIR notice OF THE Conduct. "KOLENDER VS. LAWSON" 461 US 352, 357-358, 103 S.Ct 1855, 75 L.Ed 2d. 903 COURTS MUST USE THE "CATEGORICAL APPROACH" WHEN DECIDING WHETHER AN OFFENSE IS violent FELONY, looking "only to the FACT that the DEFEND ANT HAS BEEN CONVICTED OF CRIMES FALLING WITHIN CERTAIN CATEGORIES, AND NOT to the FACTS UNDERLYING the PRIOR Convic- tions." "TAYLOR V. UNITED STATES" 495 U.S. 575, 600, 110 S.Ct 2143, 109 L.Ed 2d 607. DECIDING WHETHER THE RESIDUAL CLAUSE COVERS A CRIME thus REQUIRES A COURT to picture the Kind of Conduct that the CRIME INVOLVES IN "the ORDINARY CASE", AND to Judge whether that Abstraction PRESENTS A SERIOUS potential Risk of physical INjURY. "JAMES" SUPRA, @ 208, 127 S.Ct. 1586 167 L.Ed 2d 532. THE UNCERTAINTIES PRODUCE MORE UNPRE- dictability And ARBITRARYness than THE DUE process CLAUSE tolerates. This COURT REPEATED FAILURE to CRAFT A PRINCIPLE STANDARD out of the RESIDUAL CLAUSE And the lower COURTS PERSISTENT INABILITY to APPLY THE CLAUSE IN A CONSISTENT WAY CONFIRM Its hopeless INDETERMINACY.

> THE ACT DEFINES "VIOLENT FELONY" AS Follows: ANY CRIME
> PUNISHABLE by IMPRISONMENT FOR A TERM EXCEEDING ONE
> YEAR... that -(i) HAS AS AN Element THE USE, Attempted
> USE, OR THREATENED USE OF physical FORCE Against the
> PERSON OF ANOTHER; OR ...

(ii) IS burglary, ARSON, EXTORTION, INVOLVES USE OF EXPLOSIVE

OR OtHERWISE INVolves Conduct that PRESENtS A SERIous Potential Risk of Physical INJURY to ANother §924(E)(2)(B)

THE Closing WoRds of this dEFINITION, ItAlicized Above, hAVe Come to bE Know: that tHE RESiDual ClAuse SINce Zoo7 this Court has decided FouR CASES. Attempting to discERN It's mEANing. THE Prohibition oF VAGUENESS IN CRiMINAl statutes Is well REcognized REguiREMEnt. CoNSoNANt A liKE ANd A statute that FlouTs It violAtES tHE FiRst EssentiAl of dUE PRocESS. THE Courts tAsks goes beyond deciding whEthER CREAtEd of Risk Is AN ElEmEnt of CRIME, That Is becAuse UNlike tHE PARt of the dEFiNition of A violENt Felony that Asks whEthER thE CRiMe has AS AN ELEMENT the USE... of Physicsl Force thE RESIduAl ClAUSE Asks whEthER thE CRIME INvolves CoNduct that PRESENts too much Risk of physicAl INJURY. BuRglARY offERs No help At All with REspect to the UAST mAJoRity of offENdERs, which have So APPARENt ANAlog AMong tHE ENumerAtEd CRIMES. INvoking So ShApless A PRoVision to CoNdEMN SomeoNE to PRison FoR 15yRs. to lIfE does Not CompARt with the CoNstitution's guARANtEE oF dUE PRocEss.

        MR. RAMEY CoNviction FoR PossESSion of A FiREARM 922(g) does Not CoNStitute A "violENt FElony" uNdER tHE RESidual ClAUSE oF thE (AccA) FiREARms uNdER CoNvENtionAl PRiNciples OF INtERPREtAtioN ANd ouR PREcEding...

Case 3:22-cv-00378   Document 1   Filed 05/24/22   Page 20 of 22 PageID #: 40

Ferious Ramey #25759-075
US.P Thomson
P.O. Box 1002
Thomson, IL. 61285

7019 0140 0000 4521 4855



U.S. POSTAGE PAID
THOMSON, IL
61285
MAY 18, 22
AMOUNT
$0.00
R2304W121497-12
1000
37203

FOREVER / USA  FOREVER / USA  FOREVER / USA  ER / USA

FOREVER / USA  FOREVER / USA  FOREVER / USA  FOREVER / USA

  
   

RECEIVED
MAY 24 2022
US DISTRICT COURT
MID DIST TENN

INMATE
IDENTIFICATION
CONFIRMED

Legal Mail
T.R
5|10|2022

Clerk Of Court For The:
Middle Dist. Of Tennessee
Estes Kefauver Federal Building A U.S. Courth...
801 Broadway, Room 800
Nashville, TN. 37203 - 3816



CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**FEDERAL BUREAU OF PRISONS**
**POST OFFICE BOX 1002**
**THOMSON, IL 61285**

The enclosed letter was processed on _____ through special
mailing procedures. The letter has neither been opened nor
inspected. If the writer raises a question or problem over which
this facility has jurisdiction, you may wish to return the material
for further information or clarification. If the writer enclosed
correspondence for forwarding to another addressee, please
return the enclosed materials to the above address.

AUSP Thomson

MAY 19 2022

Received in CSD