IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERIOUS RAMEY, ) | |
| ) | NO. 3:22-cv-00378 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA ) | |

## MEMORANDUM

Pending before the Court is Petitioner's Motion (Doc. No. 1) and Supplemental Motion (Doc. No. 20) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which are fully briefed. (Doc. Nos. 6, 11, 24, 28). For the reasons stated herein, the Motions will be denied.

## I. BACKGROUND[1]

In September 2018, Petitioner was indicted for allegedly possessing a firearm and ammunition as a convicted felon on June 4, 2018, in violation of 18 U.S.C. § 922(g)(1). (CR Doc. No. 16). In September 2019, a jury convicted Petitioner of being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1). The Presentence Investigation Report ("PSR") recommended that the undersigned sentence Petitioner as an Armed Career Criminal under 18 U.S.C. § 924(e) because he had at least three prior convictions for a violent felony, which occurred on different occasions. (PSR, CR Doc. No. 115 at ¶ 27). The PSR identified three 2012 aggravated burglary convictions in Davidson County, Tennessee that qualified as violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (*Id.*).[2]  Those three Tennessee

---

[1]  Citations to the underlying criminal record, *United States v. Terious D. Ramey*, Case No. 3:18-cr-00237, are cited as "CR Doc. No. ____." Unless otherwise stated, all citations to "Doc. No. ___" are to the instant habeas case.

[2]  The PSR identified a fourth aggravated burglary conviction in Davidson County, Tennessee, but could not discern whether his third aggravated burglary conviction occurred on the same occasion. (*Id.*).

offenses for aggravated burglary occurred in 2012 on August 22, 23, and 27, respectively. (*Id*. at ¶ 38). Individuals found to be Armed Career Criminals are subject to a mandatory sentence of not less than fifteen years (180 months). (18 U.S.C. § 924(e)). The PSR calculated an advisory Sentencing Guidelines Range of 235 to 293 months' incarceration, based on a total offense level of 33 and criminal history category VI. (CR Doc. No. 115 at 31). In January 2020, the undersigned found that Petitioner was subject to the penalty enhancement under Section 924(e) of ACCA based on Petitioner's three prior aggravated burglary convictions and sentenced him to 204 month's imprisonment. (CR Doc. No. 112). Petitioner timely appealed his convictions, which the Sixth Circuit affirmed. (CR Doc. Nos. 114, 131).

Petitioner now seeks to vacate, set aside, or correct his sentence pursuant to Section 2255, arguing that his enhanced sentence under the ACCA was erroneous. Petitioner contends that his sentencing and appellate counsel were ineffective for failing to challenge the determination that he was an Armed Career Criminal. (Doc. No. 1).[3] In his supplemental briefing, Petitioner argues the determination that he qualified as an Armed Career Criminal was unlawful under *Erlinger v. United States*, 144 S. Ct. 1840 (2024) and that his convictions under Section 922(g) are presumptively unlawful under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). (Doc. No. 20).[4]

---

[3] In his supplemental briefing, Petitioner also argues his attorneys were ineffective for failing to challenge the determination that he was an Armed Career Criminal under Supreme Court cases from 1943, 2008, and 2010. (*See* Doc. No. 20-1). However, the Court did not grant Petitioner leave to supplement his 2255 with these claims. (*See* Doc. No. 19 (granting leave to supplement to add claims regarding *Erlinger* and *Bruen*)). Accordingly, the Court does not consider these claims.

[4] The Sixth Circuit has already held that Section "922(g)(1) is constitutional on its face and as applied to dangerous people" and that a person convicted of burglary "is 'dangerous,' and can thus be disarmed[.]" *United States v. Williams*, 113 F.4th 637, 662–63 (6th Cir. 2024). Accordingly, Petitioner's constitutional challenge to Section 922(g)(1) as applied to him is foreclosed under Sixth Circuit precent.

## II. LEGAL STANDARD

Petitioner brings this action pursuant to 28 U.S.C. § 2255, which provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

If a factual dispute arises in a Section 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray*, 721 F.3d at 761; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because disposition of Petitioner's claim does not require the resolution of any factual dispute

## III. ANALYSIS

Petitioner seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, on the grounds that his enhanced sentence under the ACCA was erroneous.[5] The Government argues Plaintiff's claims – except for his claim based on *Erlinger* – should be denied for procedural default because he failed to raise them in his appeal. (*See* Doc. Nos. 6, 24). It argues Petitioner's *Erlinger* claim should be denied because *Erlinger* cannot apply retroactively. For the reasons

---

[5] Petitioner also claims that his sentence enhancement for having a firearm violates his Fifth Amendment due process rights. However, as the Government correctly points out, "[a] prior conviction for possessing a firearm did not factor into Ramey's armed career criminal sentencing enhancement." (Doc. No. 6 at 8).

3

stated herein, the Court finds that Petitioner has failed to show that he is entitled to relief under Section 2255 on his asserted claims.

**A. Procedurally Defaulted Claims**

"An individual in federal custody may not obtain relief under § 2255 with respect to a procedurally defaulted claim." *Witham v. United States*, 97 F.4th 1027, 1031 (6th Cir. 2024) (citing *Reed v. Farley*, 512 U.S. 339, 353–54 (1994)). Such an individual "may avoid a procedural default by offering a sufficient excuse for their failure to timely raise a claim (showing 'cause') and explaining why they would be harmed if they could not belatedly assert it (showing 'prejudice')." *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022) (citing citation omitted).

Criminal defendants have a constitutional right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Ineffective assistance of counsel can constitute cause for a procedural default, for purposes of pursuing waived claims through a collateral attack under a motion to vacate, set aside or correct sentence. *See Wallace*, 43 F.4th at 602 (citing *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000); *Hall v. Vasbinder*, 563 F.3d 222, 237 (6th Cir. 2009)). "This excuse requires prisoners to show both that an attorney performed incompetently and that this legal malpractice prejudiced them." *Wallace*, 43 F.4th at 602 (citation omitted).

"To establish deficient performance, a petitioner 'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.'" *Gilbert v. United States*, 64 F.4th 763, 771 (6th Cir. 2023) (quoting *Strickland*, 466 U.S. at 690). Here, Petitioner identifies his attorneys' failure to challenge the application of the Armed Career Criminal sentencing enhancement. *See Phillips v. White*, 851 F.3d 567, 578 (6th Cir. 2017) (failure by counsel to raise an argument that could reduce a defendant's sentence may constitute deficient

performance, as an element of an ineffective-assistance-at-sentencing claim).

Petitioner claims the law at the time of his conviction in 2019 and sentencing in 2020 yielded a higher sentencing range than what he would have faced under the law at the time of his offense conduct in 2018. (*See* PSR, CR Doc. No. 115 at ¶¶ 26, 27) (offense level 20 without ACCA enhancement; offense level 33 with ACCA enhancement).[6] According to Petitioner, application of the ACCA sentencing enhancement violates his constitutional rights under the ex post facto clause and his counsels' performances were deficient (at sentencing and on appeal) for failing to raise an argument that could have reduced his sentence – specifically that his 2012 aggravated burglary convictions were not predicate offenses under the ACCA.

The Government disagrees, arguing the ex post facto clause is not applicable because a change in circuit precedent does not constitute a change in Section 924(e) of the ACCA. And it correctly notes that Section 924(e) itself has not changed at any point during this case or Petitioner's underlying criminal case. Additionally, the Court notes that the Supreme Court has recognized that "the constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 41 (1990).

Because the ex post facto clause does not apply to changes in caselaw, Petitioner's counsel was not ineffective for failing to raise such an argument. And because Petitioner has failed to show that counsel performed deficiently, he has failed to show cause for procedural default for purposes

---

[6] In 2007, the Sixth Circuit held that an aggravated-burglary conviction under Tennessee law fell within the ACCA. *See United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). In 2017, an en banc Sixth Circuit reversed course and held that Tennessee aggravated burglary is not a violent felony under ACCA. *United States v. Stitt* (Stitt I), 860 F.3d 854, 856 (6th Cir. 2017). In December 2018, the U.S. Supreme Court reversed *Stitt I*, and, about six months later, the Sixth Circuit "foreclosed further challenges to Tennessee aggravated burglary's status as a violent felony under the Armed Career Criminal Act in *Brumbach v. United States*." *Mitchell v. United States*, 43 F.4th 608, 611 (6th Cir. 2022) (citing 929 F.3d 791, 794 (6th Cir. 2019) (holding that *Nance*, which predated *Stitt I*, is "again the law of this circuit")). Accordingly, Petitioner is correct that Tennessee aggravated burglary was not a predicate offense under the ACCA at the time of his offense conduct in 2018, but it was by the time he went to trial in September 2019.

of pursuing waived claims through the present motion.

Subsequent authority from the Sixth Circuit and the U.S. Supreme Court confirms that the ACCA sentencing enhancement was properly applied in Petitioner's case. Last year, the Supreme Court considered the "question whether a state crime constitutes a 'serious drug offense' if it involved a drug that was on the federal schedules when the defendant possessed or trafficked in it but was later removed" for purposes of application of the ACCA. *See Brown v. United States*, 602 U.S. 101, 105 (2024). The Court held that a "state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of that offense." *Id*. at 123. "[T]he Court reasoned that because a defendant's 'history of criminal activity does not cease to exist merely because the crime was later redefined,' it made the most sense to determine 'whether a prior offense met ACCA's definition of seriousness—and thus suggested future danger—at the time it was committed[.]'" *United States v. Wilkes*, 133 F.4th 600, 604 (6th Cir.), *cert. denied*, 145 S. Ct. 2785 (2025) (quoting *Brown*, 602 U.S. at 113-14) (internal citations omitted); *see also United States v. Clark*, 46 F.4th 404, 415 (6th Cir. 2022) ("…the district court properly enhanced Clark's sentence under § 4B1.1(a) because courts must define the term "controlled substance offense" in the Guidelines with reference to the law in place at the time of the prior conviction at issue.").

At the time of Petitioner's three aggravated burglaries in August 2012, Tennessee aggravated burglary was a predicate offense under the ACCA. *See United States v. Nance*, 481 F.3d 882 (6th Cir. 2007). Accordingly, under the reasoning of *Brown* and *Clark*, Petitioner's 2012 aggravated burglary convictions constituted predict offenses under the ACCA at the time of his 2020 sentencing because those convictions constituted predict offenses at the time of the offense conduct in 2012.

## B. *Erlinger v. United States*

In *Erlinger*, the Supreme Court held that the question of whether predicate offenses occurred on separate occasions is a question of fact that must be determined by a unanimous jury beyond a reasonable doubt. 602 U.S. 821, 835 (2024). As noted above, Petitioner was convicted after a jury trial, but the undersigned decided the different occasions inquiry at sentencing. There is no dispute that *Erlinger* makes clear that the different occasions inquiry must be decided by a jury (or conceded by the defendant). *See United States v. Cogdill*, 130 F.4th 523, 527 (6th Cir. 2025). Rather, the Government argues this claim should be denied because *Erlinger* announced a new rule of criminal procedure and therefore cannot be applied retroactively on collateral review of Petitioner's conviction and sentencing. (*See* Doc. No. 24 at 5 (citing *Goode v. United States*, 305 F.3d 378, 383 (6th Cir. 2002)).

"In *Teague v. Lane*, 489 U.S. 288, 310–13, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme Court articulated two exceptions to the general rule of non-retroactive application for new rules of criminal procedure." *Goode*, 305 F.3d at 383. Under *Teague*, *Erlinger* "should be applied retroactively only if the decision is understood to have created a new 'watershed' rule of criminal procedure that implicates the fundamental fairness and accuracy of the criminal proceeding." *Id*. at 384–85. "The [U.S. Supreme] Court has identified only one pre-*Teague* procedural rule as watershed: the right to counsel recognized in the Court's landmark decision in *Gideon v. Wainwright*, 372 U.S. 335, 344–345, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." *Edwards v. Vannoy*, 593 U.S. 255, 267 (2021) ("The Court has never identified any other pre-*Teague* or post-*Teague* rule as watershed. None."). "Moreover, the [U.S. Supreme] Court has flatly proclaimed on multiple occasions that the watershed exception is unlikely to cover any more new rules." *Id*. In light of the foregoing, the Government appears to be correct that the rule announced in *Erlinger* is

not retroactive on collateral review. Accordingly, Petitioner is not entitled to relief under Section 2255 on this basis.

Nor is Petitioner entitled to relief based on ineffective assistance of counsel for failing to challenge the sentencing enhancement based on the constitutional principles applied in *Erlinger*. First, Petitioner would be hard pressed to argue that his attorney should have predicted the decision. *See Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 288 (6th Cir. 2010) ("Counsel is not ineffective for failing to predict developments in the law, unless they were clearly foreshadowed by existing conditions."). Second, to obtain relief based on ineffective assistance of counsel, Petitioner would have to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. at 669. Here, Petitioner does not contend the results of the proceeding would have been different had a jury decided questions of fact related to his ACCA designation.

## IV. CONCLUSION

For the reasons stated, Petitioner's Motion and Supplemental Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. Nos. 1, 20) will be **DENIED** and **DISMISSED**.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE